United States District Court
Southern District of Texas
**ENTERED**
December 10, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAUREN E. REYNOLDS, Register No. 86893-180, | § § § | |
| Petitioner, | § § | CIVIL ACTION NO. H-15-2450 |
| v. | § § | |
| MARNE BOYLE, Warden, | § § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner, Lauren E. Reynolds, has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By Pro Se Petitioner (Docket Entry No. 1). The United States has filed a Motion for Summary Judgment (Docket Entry No. 11), to which Reynolds has filed a "Traverse in Reply" (Docket Entry No. 14). The summary judgment evidence establishes the following facts.

On August 31, 2010, Reynolds was sentenced to 120 months in prison by the United States District Court for the Northern District of Texas for felon in possession of a firearm in violation of 18 U.S.C. § 922(g). When she committed the § 922(g) violation Reynolds was on supervised release from a previous drug conviction in the Western District of Texas. The supervised release petition was transferred to the Northern District of Texas, which revoked Reynolds' supervised release and sentenced her to a 24-month

sentence to be served consecutively with her § 922(g) sentence. Reynolds appealed both sentences, and both sentences were affirmed by the Fifth Circuit on June 3, 2011, in a consolidated appeal.

Reynolds then filed a motion under 28 U.S.C. § 2255 to vacate both sentences, alleging ineffective assistance of counsel. The Northern District of Texas denied her § 2255 motion on April 5, 2012; and the Fifth Circuit dismissed her appeal on June 28, 2012, for want of prosecution. Reynolds then petitioned the Fifth Circuit for permission to file a successive § 2255 motion. The Fifth Circuit denied the motion on July 22, 2015. While the Fifth Circuit was considering her motion, Reynolds filed a second § 2255 motion in the Northern District of Texas. On April 22, 2015, the Northern District dismissed Reynolds' motion for lack of jurisdiction as a successive § 2255 motion. Reynolds' motion before the Fifth Circuit and her successive § 2255 motion filed in the Northern District of Texas argued that she was innocent of the § 922(g) conviction, that she should have received a three-level reduction for acceptance of responsibility, and that her sentences should not have been imposed to run consecutively. Reynolds raises the first two of these claims in her pending § 2241 motion.

Because Reynolds is attacking the validity of her federal sentence, not the manner in which the sentence was executed, a § 2255 motion is the proper means of collaterally attacking her federal sentence. <u>Tolliver v. Dobre</u>, 211 F.3d 876 (5th Cir. 2000), <u>Pack v. Yusuff</u>, 218 F.3d 448 (5th Cir. 2000). In certain rare

situations a § 2241 petition attacking a federal sentence may be considered if the petitioner can establish that the remedy under § 2255 is inadequate or ineffective. However, "the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective. Tolliver, 211 F.3d at 878. Reynolds has shown no basis for attacking her sentence under § 2241.

Because Reynolds has not shown that she is entitled to relief under 28 U.S.C. § 2241, the United States' Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 10th day of December, 2015.

---
SIM LAKE
UNITED STATES DISTRICT JUDGE